# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN D. SHEAD, | CASE NO. 1:08-cv-00882-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| WARDEN YATES, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Herman D. Shead ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on June 20, 2008. In his complaint, Plaintiff alleges that the inmate appeals process is not complete but that the process is lengthy and he would be unable to file this action within the statute of limitations. (Doc. 1, Comp., § B.)

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

1     In order to satisfy section 1997e(a), California state prisoners are required to use the available
2 process to exhaust their claims prior to filing suit.  Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378,
3 2383 (2006); McKinney, 311 F.3d at 1199-1201.  "[E]xhaustion is mandatory under the PLRA and
4 . . . unexhausted claims cannot be brought in court."  Jones, 127 S.Ct. at 918-19 (citing Porter, 435
5 U.S. at 524).  "All 'available' remedies must now be exhausted; those remedies need not meet
6 federal standards, nor must they be 'plain, speedy, and effective.'"  Porter, 534 U.S. at 524 (quoting
7 Booth, 532 U.S. at 739 n.5).  Concern over possible statute of limitations issues does not excuse
8 compliance with the mandatory exhaustion requirement.[1]

9     Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to exhaust
10 prior to filing suit.  42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003)
11 ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . .").

13 IT IS SO ORDERED.
14 **Dated:    June 26, 2008**                              /s/ Sandra M. Snyder
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's claims accrued on July 3, 2007.  (Comp., pg. 3.)  The statute of limitations for claims accruing on or after January 1, 2003, is two years.  Cal. Civ. Proc. Code § 335.1 (West 2008).  Further, unless Plaintiff is serving a sentence of life without the possibility of parole, the statute of limitations is tolled for one year before it begins to run, resulting in a three-year period within which to file suit.  Cal. Civ. Proc. Code § 352.1 (West).  Finally, under California law, which is applicable in this instance, Jones v. Blanas, 393 F.3d 918, 927 (2004), the equitable tolling doctrine tolls the statute of limitations while exhaustion occurs, Donoghue v. County of Orange, 848 F.2d 926, 930-31 (9th Cir. 1988); Addison v. State of California, 21 Cal.3d 313, 318, 146 Cal.Rptr. 224, 578 P.2d 941 (1978).